# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWARD MARSHALL, JR.,

        Petitioner,               Case Number: 06-CV-13272

v.                                    HON. MARIANNE O. BATTANI

JAN E. TROMBLEY, ET AL.,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Edward Marshall, Jr., is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. He has filed a *pro se* petition for a writ of habeas corpus. For the reasons set forth below, this Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

In the pending petition, Petitioner challenges the following convictions rendered in Genesee County Circuit Court: first-degree murder, assault with intent to commit murder, and possession of a firearm in the commission of a felony. On September 17, 1985, Petitioner was

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

sentenced to life imprisonment for the first-degree murder and assault with intent to commit murder convictions, and two years imprisonment for the felony-firearm conviction.

On March 11, 1997, Petitioner filed a habeas corpus petition in this court challenging the convictions challenged in the pending petition.  The District Court denied the petition on the merits.  See Marshall v. Straub, No. 97-CV-70960 (E.D. Mich. May 22, 1998) (Friedman, J.).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court.  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

                 s/Marianne O. Battani
                 MARIANNE O. BATTANI
                 UNITED STATES DISTRICT JUDGE

DATE: August 14, 2006